IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES ARTHUR BIGGINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 17-1739-GMS |
| | ) |
| MATT DENN, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

The plaintiff, James Arthur Biggins ("Biggins"), an inmate at the James T. Vaughn Correctional Center ("VCC), Smyrna, Delaware, filed this lawsuit on December 4, 2017. (D.I. 3.) He proceeds *pro se* and has been granted leave to proceed *in forma pauperis*.[1] He has also filed a motion for an emergency injunction. (D.I. 14.) The court now proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(a).

I.  **BACKGROUND**

Biggins filed the complaint alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983.[2] The complaint states that Biggins filed two actions in the Delaware State Courts: *Biggins v. Coupe*, C.A. No. 16C-11-238 MMJ (Del. Super.) dismissed December 16, 2016, after Biggins was denied leave to proceed *in forma pauperis*, and *Biggins v. Carney*, C.A. No. K17C-02-038 JJC (Del. Super.) dismissed March 1, 2017, as factually and legally frivolous.

---

[1] Biggins has three strikes pursuant to 28 U.S.C. § 1915(g) but, because the complaint alleged imminent danger of serious physical injury, he has been granted leave to proceed *in forma pauperis*. (*See* D.I. 11.)

[2] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

(D.I. 3, Exs. A, B.) The instant complaint states, "the plaintiff consolidates both cases and delete[s] or add[s] some defendants for this court's review of merit and subsequent filing." (D.I. 3 at 2.) In his motion for injunctive relief Biggins states, "this is an action consolidated of two cases from the Delaware Superior Court involving multiple state and federal constitutional rights and statutes." (D.I. 14 at 1.) Biggins alleges he was denied access to the courts (apparently State court) because no avenues exist to correct mistakes.

The complaint lists 92 defendants in its caption and raises three discrete claims: correctional staff deficiencies, medical staff deficiencies, and hazardous environment conditions. There is no prayer for relief.

## II. STANDARD OF REVIEW

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Biggins proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

Rule 8(a)(1) states that a pleading that states a claim for relief must contain a demand for the relief sought. Rule 8(d)(1) states, in pertinent part, that "[e]ach allegation must be simple, concise and direct." Rule 20(1)(a)(2), which is also applicable, states, in pertinent part, as follows:

> Persons may . . . be joined in one action as defendants if any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a) (2)(A) and (B). "In exercising its discretion [to join parties], the District Court must provide a reasoned analysis that comports with the requirements of the Rule, and that is based on the specific fact pattern presented by the plaintiffs and claims before the court." *Hagan v. Rogers*, 570 F.3d 146, 157 (3d Cir. 2009); *see also Boretsky v. Governor of New Jersey*, 433 F. App'x 73, 77 (3d Cir. 2011).

## III. DISCUSSION

Biggins frames this action as a consolidation of two cases he filed in the Delaware Superior Court, one of which was dismissed as factually and legally frivolous. Biggins did not see fit to provide either Superior Court complaint to the court, and neither is considered as a complaint filed in this court. The operative complaint is found at docket item 3. To the extent Biggins seeks to raise those claims dismissed on March 1, 2017, in *Biggins v. Carney*, C.A. No. K17C-02-038 JJC (Del. Super.), he is barred from doing so under the doctrine of claim preclusion which limits a party's ability to raise claims that either were or could have been litigated in a prior action. *See Reaves v. Pennsylvania Board of Prob. & Parole*, 580 F. App'x 49, 52 (3d Cir. 2014) (unpublished). The complaint in C.A. No. K17C-02-038 JJC was

dismissed as factually and legally frivolous and Biggins' appeal was dismissed after he failed to pay the filing. *See Biggins v. Carney*, No. 183,2017 (Del. 2017) (appeal dismissed July 12, 2017, for failure to pay the filing fee). Moreover, Biggins may not use this court as a means to seek relief for claims considered and dismissed by the Delaware Courts. Allowing him to do so would allow him to use the federal courts to appeal state court judgments and, thus, would run afoul of the *Rooker Feldman* doctrine. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983).

The complaint contain three discrete claims against 92 defendants in violation of Fed. R. Civ. P. 20(a). Naming 92 defendants makes the complaint unmanageable. Moreover, the three discrete claims appear to have different factual and legal issues. While joinder is encouraged for purposes of judicial economy, the "Federal Rules do not contemplate joinder of different actions against different parties which present entirely different factual and legal issues." *Zhu v. Countrywide Realty Co., Inc.*, 160 F. Supp. 2d 1210, 1225 (D. Kan. 2001) (citation omitted). And, because none of the defendants are referred to in the complaint, it is impossible to determine whether the three discrete claims involve issues of law or fact common to all 92 defendants

In addition, the complaint is deficiently pled. It consists of legal conclusions without supporting facts and fails to meet the pleading requirements of *Iqbal*. *See Ascroft v. Iqbal*, 556 U.S. 662 (2009). The instant complaint lists 92 defendants in its caption, none of whom are mentioned in the body of the complaint. The correctional staff deficiencies claim does not reference one defendant or any time-frame. Nor are there allegations that any action was taken against Biggins. The medical staff deficiencies claims contains no dates and no named

4

defendants, but does refer to actions or inactions that Biggins claims violated his rights. Finally, the hazardous environment conditions claim does not reference a single defendant. Nor does it indicate whether Biggins is housed in or near the area where the asbestos removal is taking place. With regard to a time frame, it merely mentions that asbestos removal began in November 2016. Also, it is evident from their titles that many of the defendants hold supervisory positions, some defendants are immune from suit, and other defendants are not State actors. Finally, Biggins seeks to raise claims that have been considered and rejected by the Delaware Superior Court.

"The Prison Litigation Reform Act of 1995 ("PLRA"), which substantially changed the judicial treatment of civil rights actions by state and federal prisoners, also compels compliance with Rule 20. Specifically, under the PLRA the full filing fee must ultimately be paid in a non-habeas action. Allowing a prisoner to include a plethora of separate, independent claims, would circumvent the filing fee requirements of the PLRA." *Mincy v. Klem*, 2007 WL 1576444, at *1 (M.D. Pa. May 30, 2007). *See George v. Smith*, 507 F.3d 605, 507 (7th Cir. 2007) ("The "[u]nrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that this [multiple]-claim, [multiple]-defendant suit produced but also to ensure that prisoners pay the required filing fees."). *See also Smith v. Kirby*, 53 F. App'x 14, 16 (10th Cir. 2002) (unpublished) (finding no abuse of discretion where district court denied leave to amend or supplement the complaint where the "new claims were not relevant to the claims before that court. . . ."). As a frequent filer, Biggins is well aware of pleading requirements.

Based upon the foregoing discussion, the complaint will be dismissed without prejudice for failure to state claims upon which relief may be granted and as noncompliant with Fed. R. Civ. P. 20. Biggins will be given an opportunity to file an amended complaint. He is cautioned

that the amended complaint must comply with Rule 20 and involve only related claims or parties. The court will not consider the "consolidation of two State cases" as an amended complaint, and Biggins is placed on notice that the court will take judicial notice of the complaints filed in the two Delaware Superior Court cases as well as the disposition of those cases. To the extent that Biggins believes that he has been subjected to more than one violation of his rights, and to the extent that these violations are unrelated to each other, he should file **separate complaints** addressing each violation along with separate motions to proceed *in forma pauperis*. "It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." *Young v. Keohane*, 809 F. Supp. 1185 (M.D. Pa. 1992). Each amended complaint must contain all defendants and claims in a single document.

As previously discussed, the court has identified the following claims, almost they appear to be unrelated: correctional staff deficiencies, medical staff deficiencies, and hazardous environment conditions. Biggins is warned that the inclusion of separate, unrelated claims will be considered a failure to comply with this court's order and will result in dismissal of the amended complaint. *See* Fed. R. Civ. P. 20. In addition, the amended complaint or new complaints filed in compliance with this order shall not include new claims. Finally, the failure to file an amended complaint within the specified time period will result in dismissal of the action for failure to comply with an order of court.

## IV. MOTION FOR INJUNCTIVE RELIEF

Biggins has filed a motion for an emergency injunction claiming he is denied access to the courts based upon "Defendants" implementation of a housing policy limiting an inmate's legal property one cardboard box and only if the case is active. (D.I. 14.) Biggins states that

6

"Defendants attempt to maintain this policy as a legitimate penological necessity under security and safety measures to prevent fire hazards." Biggins contends this denies his right to access the courts. He refers to records from his criminal and civil proceedings.

The court addresses the motion only as it relates to the instant case. To the extent Biggins has concerns regarding other cases, he has a possible remedy by filing motions in each of his cases or by commencing a new action for a potential global remedy as to all his cases. To obtain a preliminary injunction, a plaintiff must show: "(1) a likelihood of success on the merits; (2) that it will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief." *Kos Pharm. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004). "Preliminary injunctive relief is 'an extraordinary remedy' and 'should be granted only in limited circumstances.'" *Id.* (citations omitted). Because of the intractable problems of prison administration, a request for injunctive relief in the prison context must be viewed with considerable caution. *Abraham v. Danberg*, 322 F. App'x 169, 170 (3d Cir. 2009) (unpublished) (citing *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995)).

The motion will be denied for the following reasons. First, Biggins' motion does not identify the "defendants" who implemented the policy to which he takes exception. As discussed above, there are 92 defendants named in this case. Second, Biggins has not shown "actual injury" to support the granting of injunctive relief.

Prisoners must be allowed "adequate, effective and meaningful" access to the courts. *Bounds v. Smith*, 430 U.S. 817, 822 (1977) (holding that prisons must give inmates access to law libraries or direct legal assistance). "Many courts have found a cause of action for violation of

7

the right of access stated where it was alleged that prison officials confiscated and/or destroyed legal materials." *Zilich v. Lucht*, 981 F.2d 694, 695 (3d Cir. 1992) (citations omitted). However, a violation of the First Amendment right of access to the courts is only established where a litigant shows that he was actually injured by the alleged denial of access. The actual injury requirement is a constitutional prerequisite to suit. *Lewis v. Casey*, 518 U.S. 343, 351 (1996); *Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (explaining that the constitutional right of access is "ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court"). An actual injury is shown only where a nonfrivolous, arguable claim is lost. *Christopher*, 536 U.S. at 415.

At this stage of the proceedings there are no viable claims, the complaint is deficiently pled, and Biggins has not shown he lost a nonfrivolous, arguable claim. Biggins has not met the requisites for injunctive relief, including the failure to demonstrate the likelihood of success on the merits. Injunctive relief is not appropriate and, therefore, the motion will be denied.

## V. CONCLUSION

For the above reasons, the court will deny the motion for an emergency injunction. (D.I. 14.) The court will dismiss the complaint for failure to state claims upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1) and for failure to comply with Fed. R. Civ. P. 20. Biggins will be given leave to amend.

An appropriate order will be entered.

May 31, 2018
Wilmington, Delaware

UNITED STATES DISTRICT JUDGE