IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| JAMES ARTHUR BIGGINS, | ) |
|---|---|
| Plaintiff, | ) ) ) |
| v. | ) Civ. Action No. 17-1739-GMS ) |
| MATT DENN, et al., | ) ) |
| Defendants. | ) |

**MEMORANDUM**

1. **Introduction.** The plaintiff, James Arthur Biggins ("the plaintiff"), an inmate at the James T. Vaughn Correctional Center, Smyrna, Delaware, filed this lawsuit on December 4, 2017. (D.I. 3.) He proceeds *pro se* and has been granted leave to proceed *in forma pauperis*. Before the court is the plaintiff's letter "Re-Recusal," construed by the court as letter/motion for recusal. (D.I. 13.)

2. **Background.** On May 9, 2018, the plaintiff filed a letter/motion for recusal of the undersigned referring to prior rulings and positing that the undersigned "purposely as with each of [the plaintiff's] filings dating back to 2001 viewed them discriminately and with personal bias, using [the plaintiff's] filing history solely to dismiss [his] actions." (D.I. 13.) In the plaintiff's opinion, "consistent with the record, this court has demonstrated a degree of egregious callousness and neglect for the rule of law, and has helped inflict physical, mental, and emotional pain and unnecessary suffering" to the plaintiff. The plaintiff asks that the undersigned recuse from any of the plaintiff's filings "from here forward in light of the court's failure to be an impartial jurist." (*Id.*)

3. **Discussion.** A judge is required to recuse himself "in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The test for recusal under

1

§ 455(a) is whether a "reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned," *In re Kensington Int'l Ltd.*, 368 F.3d 289, 301 (3d Cir. 2004), not "whether a judge actually harbors bias against a party," *United States v. Kennedy*, 682 F.3d 244, 258 (3d Cir. 2012). Under § 455(b)(1), a judge is required to recuse himself "[w]here he has a personal bias or prejudice concerning a party."

4. Under either subsection, the bias necessary to require recusal generally "must stem from a source outside of the official proceedings." *Liteky v. United States*, 510 U.S. 540, 554 (1994); *Selkridge v. United of Omaha Life Ins. Co.*, 360 F.3d 155, 167 (3d Cir. 2004) (beliefs or opinions which merit recusal must involve an extrajudicial factor). Hence, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555. Similarly, claims of bias or partiality cannot be based on "expressions of impatience, dissatisfaction, annoyance, [or] even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display. A judge's ordinary efforts at courtroom administration - even a stern and short-tempered judge's ordinary efforts at courtroom administration - remain immune." *Id.* at 555-56.

5. It is evident in reading the plaintiff's letter/motion that he takes exception to this court's rulings and this serves as the main reason to seek recusal of the undersigned. The plaintiff's conclusory allegations provide no rational basis for his claims of alleged bias. A reasonable, well-informed observer could not believe that the rulings were based on impartiality, bias, or actual prejudice by the undersigned. Nor do this court's rulings demonstrate the court acts in such a manner when ruling in cases wherein the plaintiff is a party. After careful and deliberate consideration, the court concludes there is no actual bias or prejudice towards the plaintiff and that a reasonable, well-informed observer would not question the court's

2

impartiality. In light of the foregoing standard and after considering the plaintiff's assertions, the undersigned concludes that there are no grounds for recusal under 28 U.S.C. § 455.

6. **Conclusion**. For the above reasons, the court will deny the plaintiff's letter/motion. (D.I. 13.) An appropriate order will be entered.

_____
UNITED STATES DISTRICT JUDGE

July 19, 2018
Wilmington, Delaware