IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES ARTHUR BIGGINS, | : |
| Plaintiff, | : |
| v. | : Civ. No. 17-1739-RGA |
| MATT DENN, et al., | : |
| Defendants. | : |

**MEMORANDUM**

1. **Introduction**. Plaintiff James Arthur Biggins, a prisoner incarcerated at the James T. Vaughn Correctional Center in Smyrna, Delaware, commenced this 42 U.S.C. § 1983 action on December 4, 2017. (D.I. 3). Plaintiff was denied leave to proceed *in forma pauperis* and he appealed. On May 3, 2018, the order was vacated. (D.I. 11). The United States Court of Appeals for the Third Circuit expressed no opinion on the merits of Plaintiff's complaint. (*Id.*).

2. **Background**. On May 17, 2018, Plaintiff filed a motion for an emergency injunction. (D.I. 14). On June 5, 2018, the Court denied the motion for an emergency injunction and screened the complaint. (D.I. 16, 17). The complaint listed 92 defendants in its caption, raised three discrete claims (*i.e.*, correctional staff deficiencies, medical staff deficiencies, and hazardous environmental conditions), and had no prayer for relief. (D.I. 3). Upon screening, the Complaint was dismissed for

1

failure to state claims upon which relief may be granted, and Plaintiff was given leave to amend on or before July 2, 2018.[1] (D.I. 17).

3. On September 17, 2018, the case was closed after Plaintiff failed to timely file an amended complaint. (D.I. 23). On September 20, 2018, Plaintiff filed a motion to vacate judgment, construed by the Court as a motion for reconsideration. (D.I. 24, 27). The Court granted the motion, reopened the case on November 2, 2018, and gave Plaintiff until on or before December 3, 2018 to file an amended complaint. (D.I. 27). The Order warned Plaintiff that the matter would be dismissed and the case closed should Plaintiff fail to comply with the order.

4. **Amended Complaint**. On January 25, 2019, when the Court entered a scheduling order for a response to Plaintiff's January 23rd motion for injunctive relief, it

---

[1] In screening the Complaint, the Court observed that Plaintiff framed the action as a consolidation of two cases he filed in the Delaware Superior Court, one of which was dismissed as factually and legally frivolous. Plaintiff did not provide either Superior Court complaint to the court, and neither was considered as the complaint. Plaintiff was advised that to the extent he sought to raise those claims dismissed on March 1, 2017, in *Biggins v. Carney*, C.A. No. K17C-02-038 JJC (Del. Super.), he was barred from doing so under the doctrine of claim preclusion which limits a party's ability to raise claims that either were or could have been litigated in a prior action. *See Reaves v. Pennsylvania Board of Prob. & Parole*, 580 F. App'x 49, 52 (3d Cir. 2014). The complaint in C.A. No. K17C-02-038 JJC was dismissed as factually and legally frivolous and Plaintiff's appeal was dismissed after he failed to pay the filing fee. *See Biggins v. Carney*, No. 183,2017 (Del. 2017) (appeal dismissed July 12, 2017, for failure to pay the filing fee). The Court noted that Plaintiff may not use this Court as a means to seek relief for claims considered and dismissed by the Delaware Courts because allowing him to do so would allow him to use the federal courts to appeal state court judgments and, thus, would run afoul of the *Rooker Feldman* doctrine. The Court further noted that naming 92 defendants made the complaint unmanageable, that the three discrete claims appeared to have different factual and legal issues, and that because none of the defendants were referred to in the complaint, it was impossible to determine whether the three discrete claims involve issues of law or fact common to all 92 defendants.

reviewed the Court docket and stated that Plaintiff had filed an Amended Complaint on November 14, 2018. (*See* D.I. 33). The November 14th filing was not docketed correctly, however, and the Court erred in relying on it.[2] A review of the November 14th filing indicates that it is titled, "Plaintiff's Renewed Motion for an Emergency Protective Order." (D.I. 28) Clearly, it is not an amended complaint. The filing states that Plaintiff cannot comply with the December 3, 2018 deadline to file an amended complaint because of prison rules limiting an inmate's legal material to one box. (*Id.* at 4, ¶14). Plaintiff was told to go through his property and pick out what he needed. Plaintiff explains that he submitted a grievance, but prison officials refused to process the grievance and advised hm to write to Captain Dodson and see where his property was taken for storage.

5.      Plaintiff states that he cannot meet the deadline for filing an amended complaint, or meet deadlines in any other cases, without the legal property in Defendants' possession.[3] Plaintiff seeks a protective order "holding that the Defendants, or their agents, shall return [his] legal property in all new and undamaged boxes and any and all other remedies that may [be] deemed appropriate for the Court!" (D.I. 28 at 5). Plaintiff previously raised this issue in a motion for an emergency injunction he filed on May 17, 2018. (D.I. 14). On June 5, 2018, the Court denied the motion. (*See* D.I. 16, 17). On January 23, 2019, Plaintiff filed a second motion for an emergency injunction identical to the May 17, 2018 motion. (D.I. 31). He also filed a

---

[2] On April 12, 2019, the Court directed correction of the docket entry, which now reads, "Motion for Emergency Injunction."

[3] Plaintiff does not identify these Defendants.

3

request for counsel. (D.I. 32). In the meantime, without a viable complaint before the Court and no entry of a scheduling order, Plaintiff served discovery on Defendants (*see* D.I. 34), and on April 5, 2019, he filed a motion to compel responses to his discovery requests (*see* D.I. 45).

6. Even though Plaintiff stated that he could not meet the Court's December 3, 2018 deadline to file an amended complaint, he did not move the Court for an extension of time. Plaintiff was warned that his failure to timely comply with the Court's November 2, 2018 order would result in dismissal of the case. Plaintiff did not comply with the order, did not seek an extension of time to file an amended complaint, and did not file an amended complaint by the December 3, 2018 deadline. Some four months later, he still has not attempted to file an amended complaint. Therefore, as stated in the November 2, 2018 order, "[t]he matter will be dismissed, and the case closed." (*See* D.I. 27).

7. **Conclusion**. For the above reasons, the Court will: (1) dismiss the complaint and close the case; and (2) dismiss all pending motions as moot (D.I. 28, 31, 32, 45). A separate order shall issue.

*/s/ Richard G. Andrews*
UNITED STATES DISTRICT JUDGE

April 12, 2019
Wilmington, Delaware

4